IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DISH NETWORK L.L.C. AND NAGRASTAR LLC**

**Plaintiffs,**

   v.

**ISMAEL GARCIA,**

**Defendant.**

**CASE NO. 18-1926 (GAG)**

**DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

1. Plaintiffs DISH Network L.L.C. ("DISH") and NagraStar LLC ("NagraStar") (collectively, "Plaintiffs") filed this action against Defendant Ismael Garcia ("Defendant") for trafficking in technology designed to circumvent Plaintiffs' security system and facilitate the unauthorized interception of copyrighted satellite television programming broadcast by DISH without paying the required subscription fee. Defendant accomplished this in part by purchasing and distributing subscriptions to a pirate television service called Mundo IKS. This service provided Defendant and his customers with the control words or "keys" that are needed to decrypt DISH's satellite signal and view DISH programming without having authorization from and without making payment to DISH.

2. Defendant was properly served with a summons and Plaintiffs' complaint, but failed to file an answer, responsive pleading, or otherwise defend the lawsuit within the time allowed. Plaintiffs submitted evidence that Defendant is not an infant, is not incompetent, and is not on active duty with the military or otherwise exempted under the Servicemembers' Civil Relief Act.

3. As a result of Defendant's failure to answer, or otherwise appear in this action,

**Civil No. 18-1926 (GAG)**

the Court accepts as true the following well-pleaded allegations in Plaintiffs' complaint:

(a) DISH is a multi-channel video provider that delivers video, audio, and data services to approximately 14 million subscribers throughout the United States via a direct broadcast satellite system. DISH uses high-powered satellites to broadcast, among other things, movies, sports and general entertainment services to consumers who have been authorized to receive such services after payment of a subscription fee, or in the case of a pay-per-view movie or event the purchase price. (Dkt. 1, ¶¶ 8-9.)

(b) DISH contracts for and purchases the distribution rights for most of the programming broadcast on the DISH platform from providers such as network affiliates, pay and specialty broadcasters, cable networks, motion picture distributors, sports leagues, and other holders of programming rights. The works broadcast by DISH are copyrighted. DISH has the authority of the copyright holders to protect these works from unauthorized reception and viewing. (Dkt. 1, ¶¶ 10-11.)

(c) DISH programming is digitized, compressed, and then scrambled prior to being transmitted to multiple satellites that are located in geo-synchronous orbit above Earth. The satellites relay the encrypted signal back down to Earth where the signal can be received by DISH subscribers that have the necessary equipment. (Dkt. 1, ¶ 12.)

(d) The DISH receiver processes an incoming DISH satellite signal by locating an encrypted part of the transmission called the entitlement control message and forwards that message to the NagraStar smart card. Provided the subscriber is tuned to a channel that he is authorized to watch, the smart card uses its decryption keys to unlock the message, uncovering a control word. The control word is transmitted back to the receiver to decrypt the DISH satellite signal. Together, the DISH receiver and NagraStar smart card convert DISH"s encrypted satellite signal into viewable programming that can be displayed on the

**Civil No. 18-1926 (GAG)**

attached television of an authorized DISH subscriber. (Dkt. 1, ¶¶ 16-17.)

  (e) Mundo IKS is an Internet key sharing service that provides end-users the control words that are used to circumvent the DISH and NagraStar security system and receive DISH's satellite broadcasts of television programming. End users that receive control words from Mundo IKS are able to view DISH programming without having authority from, and without paying the required subscription fee to, DISH. (Dkt. 1, ¶¶ 21, 23.)

  (f) Defendant violated the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2), and the Federal Communications Act, 47 U.S.C. § 605(e)(4), as alleged in Counts I and II, by trafficking subscriptions to Mundo IKS, enabling customers to access the Mundo IKS service and view DISH programming without purchasing a legitimate subscription from DISH. (Dkt. 1, ¶¶ 25-28, 39-41.)

 4. In accordance with 17 U.S.C. § 1203(c)(3)(A), Plaintiffs requested statutory damages of $2,500 per violation for each of the 122 violations, a sum certain, for Defendant's trafficking and distribution of Mundo IKS passcodes.

## II. FINAL JUDGMENT & PERMANENT INJUNCTION

Upon default of Defendant, the Court, having reviewed the applicable law, evidence, and record in this matter, hereby **ORDERS** as follows:

1. Defendant, and anyone acting in active concert or participation with Defendant, is hereby permanently enjoined from:

  (a) manufacturing, importing, offering to the public, providing, or otherwise trafficking in IKS server passcodes or any code, password, or serial number used in accessing an IKS server and any other device or software used in circumventing Plaintiffs' security system or intercepting DISH programming;

**Civil No. 18-1926 (GAG)**

      (b)    circumventing or assisting others to circumvent Plaintiffs' security system, or otherwise intercepting or assisting others to intercept DISH's satellite signal; and

      (c)    testing, analyzing, reverse engineering, manipulating, or otherwise extracting codes, data, or information from DISH's satellite receivers, smart cards, satellite stream, or any other part or component of Plaintiffs' security system.

2.    This permanent injunction takes effect immediately.

3.    Judgment is entered in favor of Plaintiffs on Count I of the complaint alleging violations of 17 U.S.C. § 1201(a)(2).

4.    Judgment is entered in favor of Plaintiffs on Count II of the complaint alleging violations of 47 U.S.C. § 605(e)(4)

5.    Statutory damages in the amount of $305,000 are awarded to Plaintiffs in accordance with 17 U.S.C. § 1203(c)(3)(A).

6.    The Court retains jurisdiction over this action for two years for the purpose of enforcing this final judgment and permanent injunction.

**SO ORDERED.**

In San Juan, Puerto Rico this 4th day of June, 2019.

                    *s/ Gustavo A. Gelpí*
                    GUSTAVO A. GELPI
                    United States District Judge